Matter of Jerald OO. (Jerald OO.) (2019 NY Slip Op 09330)





Matter of Jerald OO. (Jerald OO.)


2019 NY Slip Op 09330


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527052

[*1]In the Matter of Jerald OO. Commissioner of Mental Health, Respondent; Jerald OO., Appellant.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Sheila Shea, Mental Hygiene Legal Service, Albany (Brent R. Stack of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.



Aarons, J.
Appeal, by permission, from an order of the County Court of Chemung County (Rich Jr., J.), entered May 22, 2018, which granted petitioner's application, in a proceeding pursuant to CPL 330.20, for a subsequent retention order.
Respondent was charged by indictment with murder in the second degree and attempted murder in the second degree stemming from an incident in 2000 involving his parents. In 2002, respondent pleaded not guilty by reason of a mental disease and, since that time, he has been in the custody and care of the Office of Mental Health. Following this initial commitment, multiple orders were issued to continue his retention in a secure facility. Respondent was transferred to a nonsecure facility in 2010, following which more retention orders were issued. In 2018, petitioner commenced this proceeding for an order directing the continued retention of respondent. Following a hearing, County Court granted the application. Respondent, by permission, appeals. We affirm.
In seeking a subsequent retention order, petitioner bore the burden of establishing by a preponderance of the evidence that "(1) respondent suffer[ed] from a mental illness, (2) in-patient services [were] essential to his well-being, and (3) his judgment [was] so impaired that he [did] not understand the need for such care and treatment" (Matter of Michael RR., 284 AD2d 786, 787 [2001]; see CPL 330.20 [1] [d]; [9]; Matter of David B., 97 NY2d 267, 277 [2002]). When assessing whether petitioner satisfied its burden, County Court may consider a host of factors, including "recent acts of violence and the risk of harm to [respondent] or others that would be occasioned by release from confinement, . . . the nature of the conduct that resulted in the initial commitment, the likelihood of relapse or a cure, history of substance or alcohol abuse, the effects of medication, the likelihood that [respondent] will discontinue medication without supervision, the length of confinement and treatment, the lapse of time since the underlying criminal acts and any other relevant factors that form a part of [respondent's] psychological profile" (Matter of David B., 97 NY2d at 279; see Matter of Richard S., 6 AD3d 1039, 1041 [2004], appeal dismissed 3 NY3d 700 [2004]). The factual findings and credibility determinations made by the court will be afforded due deference (see Matter of Richard S., 6 AD3d at 1040).
At the retention hearing, respondent's psychologist and psychiatrist both testified that respondent suffered from paranoid schizophrenia. The psychologist stated that, even though group sessions were essential to his care, respondent attended them only sporadically. The psychologist also recounted two instances of violence where respondent injured another patient and threatened a staff member. When asked whether respondent was making progress toward reintegration into the community, the psychologist responded, "Not really." According to the psychologist, respondent denied that he had a mental illness and lacked insight into his condition. Respondent's psychiatrist likewise testified that respondent failed to accept his mental illness and that he had questioned his diagnosis. The psychiatrist further opined that, if released, respondent would not take his medication and that, at this juncture, respondent should remain committed.
Although respondent testified on his own behalf, he did not offer any medical proof to refute the testimony given by the psychologist or the psychiatrist — witnesses specifically credited by County Court. The court found that respondent was "regressing, not getting better" and took into account respondent's mental illness, his lack of compliance in treatment, the severity of the acts leading to his commitment and his failure to follow the recommended steps for reintegration into society. Deferring to the court's findings, we see no basis to upset its determination (see Matter of Richard S., 6 AD3d at 1040). Respondent's remaining assertions, to the extent not specifically discussed herein, have been examined and are without merit.
Egan Jr., J.P., Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.